IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOGISTICS PLUS, INC. | ) |
| Plaintiff | ) |
| v. | ) |
| DMG CONSULTING & DEVELOPMENT d/b/a GOLD COAST LOGISTICS, | ) Docket No. 1:23-cv-00284-RAL |
| Defendant | ) |

## MOTION FOR DEFAULT JUDGMENT PURSUANT TO RULE 55(B)(1) OR, IN THE ALTERNATIVE, RULE 55(B)(2)

Plaintiff, Logistics Plus, Inc., by and through their attorneys, Knox, McLaughlin, Gornall, & Sennett, P.C., files the following Motion for Default Judgment Pursuant to Rule 55(b)(1) or, in the Alternative, Rule 55(b)(2), stating as follows:

1  On October 6, 2023, this action was commenced by the Plaintiff by the filing of a Complaint against the Defendant, DMG Consulting & Development d/b/a Gold Coast Logistics ("DMG") seeking recovery of $435,020.00 owed by DMG to LP.

2  On October 18, 2023, counsel for LP forwarded a copy of the redacted and unredacted Complaint and Summons to counsel for DMG. A true and correct copy of that correspondence is attached as Exhibit A.

3  Counsel for LP continued efforts to serve DMG through their counsel until October 30, 2023, at which point counsel for DMG indicated he did not have authority to accept service. A true and correct copy of that correspondence is attached as Exhibit B.

4	On November 22, 2023, redacted and unredacted versions of the Complaint and Summons were properly served on Defendant by process server.

5	On November 30, 2023, counsel for LP notified counsel for DMG that service of process had been made to DMG directly, and counsel for DMG acknowledged receipt. A true and correct copy of this correspondence is attached as Exhibit C.

6	Pursuant to Fed. R. Civ. P. 12(a)(1)(A), Defendant was required to file and serve a response to Plaintiffs' Complaint no later than December 13, 2023.

7	Defendant failed to file or serve a response to Plaintiffs' Complaint. No appearance has been entered on behalf of the Defendant nor has Defendant taken any action to evidence intent to defend this action.

8	On Plaintiff's request, the Clerk of Courts entered Default against Defendant on January 4, 2024. ECF 13.

## Request for Relief Under Rule 55(b)(1)

9	Plaintiff believes it is entitled to entry of default judgment pursuant to Rule 55(b)(1) because it seeks judgment for a sum certain as stated in the Complaint and as set forth in the attached Affidavit.

10	Plaintiff is aware that the amount it is seeking is presently an issue that is sealed due to third party confidentiality obligations.

11	As the Court is aware, at Plaintiff's request, the Court granted a temporary sealing of the Complaint.

12	LP intended to address the need for sealing of the record due to confidentiality concerns with counsel for DMG before the Court. However, due to DMG's failure to respond to the Complaint, LP has been unable to address that issue collaboratively is forced to seek default judgment to vindicate its rights.

13      The amount of recovery sought by LP from DMG is derivative of the Agreement, which contains broad confidentiality obligations benefiting a third party.

14      To that end, LP requests this Court schedule a hearing to enter default based on the sealed Complaint and Exhibits and determine whether an *in camera* review is necessary.

### Request for Alternative Relief Under Rule 55(b)(2)

15      Plaintiff filed a Motion for Entry of Default on January 2, 2024, ECF 11, which the Court construed as a motion for default judgment. The Court's Order dated January 3, 2024, ECF 12, contemplated a future Motion for Entry of Default Judgment pursuant to Rule 55(b)(2). As stated above, Plaintiff believes it is entitled to Default Judgment pursuant to Rule 55(b)(1). However, to ensure consistency with the Court's Order and in the event the Court declines to enter judgment pursuant to Rule 55(b)(1) for a sum certain, Plaintiff files this Motion seeking alternative relief under Rule 55(b)(2). In support of this request for relief under Rule 55(b)(2)Plaintiff incorporates its Memorandum of Law in Support of Motion for Default Judgment Pursuant to Rule 55(b)(2).

16      The issues involving confidentiality addressed above also apply to Plaintiff's request for alternative relief. Therefore, Plaintiff would request a hearing before the Court to enter default based on the sealed information and to determine if further *in camera* review is needed.

WHEREFORE, Plaintiff, Logistics Plus, Inc., respectfully requests the Court schedule a hearing to address entry of default judgment favor of Plaintiff Logistics Plus, Inc. and against the Defendant, DMG Consulting & Development d/b/a Gold Coast Logistics, in the amount of $450,384.00.

                                      Respectfully submitted,

                                      KNOX McLAUGHLIN GORNALL &
                                      SENNETT, P.C.

BY: */s/Aurora L. Hardin*
       Aurora L. Hardin, Esq.
       120 West Tenth Street
       Erie, Pennsylvania 16501
       (814) 459-2800

       Attorneys for Plaintiff
       Logistics Plus, Inc.

# 2479287.v1